IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

RONALD MARCUM                                                                                                    PLAINTIFF

v.                                           Civil No. 2:22-cv-02160

SARAH CAPP, *et. al.*                                                                                          DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable P. K. Holmes, III, Senior United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Plaintiff's failure to obey a Court Order and failure to prosecute this case. Also before the Court is Plaintiff's "Motion to Extend Time Special Circumstances," which was docketed as a Motion to Amend Complaint. (ECF No. 4).

### I.   BACKGROUND

Plaintiff's Complaint was provisionally filed on October 7, 2022. (ECF No. 1). The address he submitted to the Court indicates that he is currently not incarcerated. On October 7, 2022, the Court ordered Plaintiff to submit an *in forma pauperis* ("IFP") application or pay the filing fee by October 28, 2022. (ECF No. 2 at 1). Plaintiff was also directed to file an Amended Complaint using the court-approved § 1983 form by October 28, 2022. (*Id*. at 2). In the Order, Plaintiff was advised that failure to either submit his IFP application or his filing fee by the deadline would result in the dismissal of his Complaint, without further notice, for failure to obey an Order of the Court. (*Id*. at 2). Plaintiff received the same warning concerning the filing of his Amended Complaint.

1

To date, Plaintiff has failed to either file a completed IFP application or pay the filing fee. Plaintiff has also failed to submit an Amended Complaint using the court-approved § 1983 form.

Instead, Plaintiff filed a document written on lined notebook paper and labelled "Motion to Extend Time Special Circumstances," which was docketed as a Motion to Amend Complaint on October 31, 2022. (ECF No. 4). In this document, Plaintiff makes no mention of the Court's Order, his IFP application, his filing fee, or his Amended Complaint. He does request that the:

> fraudulent U.S. District Court . . . continue this Motion to Extend Time 30 days from October 24, 2022 the day the information was received by ronald marcum that the original filed documentation shall be a part of the case the criminal complaints should be honored with immediate arrests of certain individuals and all bans from public buildings (district court office Johnson County AR) of ronald marcum should be removed or lifted the government employees have been operating on fraud under USA Incorporated owned an operated by the british crown and or its subsidiaries that there is very little confidence or honor or good character even in this court based on previous actions and denials ronald marcum be granted excused absence from all court dates in the state of Arkansas until further notice that November 2 2022[1] a court date that has been set and that ronald marcum has no intention of going for reasons of being imprisoned by the very people who have committed felony forgery theft of property and imprisoned on previous occasion under color of law. I am a living man and claim all my guaranteed rights under the original U.S. Constitution pre-1871 and Arkansas Constitution 1836. . .

(*Id*. at 2-3). Plaintiff continues in this manner for three more pages, appearing to demand formal apologies and a sanction of $500,000 dollars to be paid immediately to him by the Johnson County Sheriff. (*Id*. at 3-4). He further states, "i ronald marcum expect that whatever judge puts a signature on any document cent to me that I expect and insist that all police and other government employees in the State of Arkansas understand that . . . they as government employees we the people are their employer." (*Id*. at 4). Plaintiff asks that this Court notify all police departments in Arkansas that they must write apology letters to the people "they have taken to these fraudulent

---

[1] The Court takes judicial notice that Plaintiff is currently scheduled for trial in Johnson County on November 2, 2022, in *State v. Ronald Anthony Marcum*, Case No. CKC-22-133. Plaintiff is charged with Theft of Property worth less than $1,000.

courts and pay them back with penalties and interest" . . . because "codes and statutes are not law." (*Id*. at 5).  Plaintiff ends his Motion by proclaiming "when the people that work in government are out of control we the people have a duty to replace that government."  (*Id*. at 6).

## II.  LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . .  If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court.  Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order."  *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

## III.  ANALYSIS

Plaintiff's Motion is a largely unintelligible rant that cannot be inferred to be a Motion for Extension of Time to either file the required documents or pay the filing fee.  If Plaintiff intended this document to be a Motion to Amend his Complaint, he failed to comply with the Local Rules

of Civil Procedure. The document itself is clearly not an Amended Complaint submitted on the court-approved § 1983 form.

Thus, Plaintiff has failed to obey a Court Order to submit an IFP application or the filing fee, and an Amended Complaint on the court-approved form, by October 28, 2022. Plaintiff has thus failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Plaintiff's case should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

### IV. CONCLUSION

Accordingly, it is recommended that Plaintiff's Motion to Extend Time Special Circumstances (ECF No. 4) be DENIED, and his Complaint (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 2nd day of November 2022.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE